UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 14-11192 |
| | § | |
| JAMES MILTON POLLARD, | § | Chapter 13 |
| | § | |
| Debtor | § | |

### MOTION OF CERASTES, LLC PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE, RULES 4001 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL BANKRUPTCY RULE 4001-1 FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT VEHICLE REPOSSESSION

Cerastes, LLC (hereafter called "Movant"), hereby moves for relief from the automatic stay of 11 U.S.C. §362, and for entry of an order terminating the automatic stay to allow Movant to enforce its rights against the collateral described below on the following grounds:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334.

2. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(G).

3. Venue of the Motion in this District is proper pursuant to 28 U.S.C. § 1409(a).

### PREDICATES FOR RELIEF

4. This Motion is premised on Section 362(d) of the Bankruptcy Code and is a contested matter within the meaning of Bankruptcy Rules 4001 and 9014.

### CAUSES EXIST TO LIFT THE STAY

5. On June 7, 2005, the Debtor executed a Retail Installment Contract and a credit application for a 2013 Yamaha four wheeler bearing VIN: JY4AE03Y4DC009679 (the "Vehicle"). See Exhibit A.

6. As evidenced in the Notice of Lien Transfer dated June 19, 2014, Capital One sold its interest in this contract to Ophrys, LLC which, in turn, transferred its interest in the contract to Cerastes, LLC. See Exhibit B.

## ARGUMENT

7. On August 28, 2015, Debtor filed an Amended Chapter 13 Plan after Confirmation [Docket No. 35]. The Amended Chapter 13 Plan states that the Debtor will surrender the Vehicle. The Court confirmed the Amended Plan on October 15, 2015 [Docket No. 39]; the Debtor has not yet obtained his discharge.

8. The Movant requests that the automatic stay be terminated with respect to the property above described for cause, including lack of adequate protection of Movant's interest in the Vehicle above described pursuant to 11 U.S.C. § 362 (d)(1) (2) and section 1301(c)(2).

9. Upon information and belief, Movant lacks adequate protection of its interest in the Vehicle and is entitled to relief under 11 U.S.C. § 362(d)(1). The Vehicle is depreciating in value, the contract is in default and the Movant is being prevented by the automatic stay from exercising its remedies to repossess and liquidate its collateral, the Vehicle. The charge off balance at the time this Motion was filed is $4,201.74, while retail value according to Debtor's schedule D is $4,138.00. A true and correct copy of the Debtor's schedule D is attached as Exhibit C. A true and correct copy of the Account Statement is attached as Exhibit D.

10. Based upon the Debtor's default, lack of equity, and the Debtor's intention to surrender the property, the Vehicle is not necessary to an effective reorganization.

11. Movant further requests that the requirements of F.R.B.P. 4001(a)(3) be waived so that the Movant may immediately enforce and implement an order granting relief from the stay.

## CONCLUSION

WHEREFORE, MOVANT PRAYS that after all delays have elapsed and proceedings are had, this Honorable Court enter an order terminating the automatic stay provided for by 11 U.S.C. § 362(a) as to the estate of Debtor(s) to allow Movant to enforce any and all rights it has in respect to the Vehicle described herein via state court repossess and liquidate its collateral proceedings or otherwise.

Respectfully Submitted,

By: /s/ Christie P. Noel
Christie P Noel (#34007)
LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
100 East Vermilion Street, Suite 300
Lafayette, LA 70501
Ph: 337-326-5777
Fax: 337-504-3341
Christie.Noel@lewisbrisbois.com
Attorney for Movant

**OF COUNSEL FOR:**
Weinstein & Riley, P.S.
2001 Western Ave., #400
Seattle, WA 98121
Phone: 206-269-3490
Fax: 206-269-3493